**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:26-cv-27147-KMM

DAVI DAMASCENO E SOUZA,

Petitioner,

v.

KROME SERVICE PROCESSING CENTER WARDEN, *et al.*,

Respondents.

______________________________________/

**ORDER TO SHOW CAUSE**

THIS CAUSE came before the Court upon Petitioner Davi Damasceno e Souza's ("Petitioner") Verified Petition for Writ of Habeas Corpus (the "Petition" or "Pet.") (ECF No. 1) and Petitioner's Expedited Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion" or "Mot.") (ECF No. 5).

## I. THE PETITION

Petitioner alleges that he is in the physical custody of Respondents at the Krome North Service Processing Center in Miami, Florida ("Krome"). *Id.* ¶¶ 4, 6. A citizen of Brazil, Petitioner alleges that he was inspected and admitted by U.S. Customs and Border Protection at Miami International Airport on May 22, 2017, as a B-2 nonimmigrant visitor, with authorization to remain through November 21, 2017. *Id.* ¶ 14.

Petitioner alleges that he was arrested for driving without a valid driver's license on or about September 29, 2026. *Id.* ¶ 16. Petitioner alleges that U.S. Immigration and Customs Enforcement ("ICE") detained him at the ICE holding room in Tampa, Florida, following his transfer from the Pasco County Sheriff's Office on September 30, 2026. *Id.* ¶ 17. According to

Petitioner, he was charged as a "nonimmigrant overstay under 8 U.S.C. § 1227(a)(1)(B)" and the disposition of his arrest record is "Warrant of Arrest/Notice to Appear." Pet. ¶ 1. Petitioner argues that he is actually detained pursuant to 8 U.S.C. § 1226(a), entitling him to an individualized custody hearing before an Immigration Judge. *Id.* ¶ 2.

On October 1, 2026, Petitioner filed a Motion for Bond and Custody Redetermination Hearing with the Orlando Immigration Court (the "Motion for Bond"). *Id.* ¶ 18. While the Motion for Bond was pending, Petitioner alleges that Respondents transferred him to Krome. *Id.* ¶ 19. Petitioner withdrew his Motion for Bond thereafter as he was no longer in the jurisdiction of the Orlando Immigration Court. *Id.* ¶ 21.

On this basis, Petitioner brings: (1) Count One for detention in violation of 8 U.S.C. § 1226(a) and its implementing regulations; (2) Count Two for violation of the *Accardi* doctrine; and (3) Counts Three and Four for violation of due process. Pet. at 11–19. Petitioner thus asks the Court to: (1) assume jurisdiction over this matter; (2) direct Respondents to show cause within three days as to why the writ should not be granted and file with their return the complete record of Petitioner's arrest, custody, and transfers; (3) order Respondents not to transfer him outside this District during the pendency of his Petition without leave of Court; (4) declare his detention is governed by 8 U.S.C. § 1226(a) and not 8 U.S.C. § 1225(b) or § 1226(c); (5) grant the writ and order Respondents to release him from custody, under reasonable conditions of supervision if appropriate; (6) alternatively, order Respondents to provide him, within seven days of the Court's order, an individualized custody redetermination hearing before an Immigration Judge under 8 U.S.C. § 1226(a); (7) enjoin Respondents from opposing or denying the ordered hearing on the grounds that he is detained under 8 U.S.C. § 1225(b); (8) order Respondents, upon his release, to return his passport and all other original identity documents and personal property in their

possession; (9) order Respondents to give his counsel at least two hours' advance notice, by telephone and email, of the time and place of his release; (10) order Respondents to file a status report within twenty-four hours after his release or custody hearing reporting the outcome and, if he remains detained, the reasons for his continued detention; (11) retain jurisdiction to enforce the Court's order; and (12) award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. *See* Pet. at 21–22.

The Court notes that in the context of the heavily litigated question of whether 8 U.S.C. § 1225(b), which permits mandatory detention of aliens without a bond hearing, or 8 U.S.C. § 1226(a), which entitles aliens to such a hearing, is correctly applied to immigration detainees, the Eleventh Circuit has held that § 1226(a) applies to "unadmitted aliens found in the interior of the United States" while they are going through immigration proceedings. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1261 (11th Cir. 2026). Upon an initial review of the Petition, it appears that the facts giving rise to Petitioner's detention may compel a finding that the Eleventh Circuit's holding in *Hernandez Alvarez* is dispositive of whether Petitioner is entitled to a bond hearing. The Court also notes that it has been unpersuaded by Respondents' arguments in other cases before it that an alien remains an arriving alien indefinitely for purposes of the aforementioned statutory framework even when detained in the interior rather than at the border. *See, e.g.*, *Witzlere v. U.S. Att'y Gen., et al.*, No. 1:26-cv-23560-KMM (S.D. Fla. July 24, 2026) (ECF No. 13).

## II. THE MOTION

The Motion is denied because it seeks the same relief as the Petition. "[A] petitioner's motion for a [temporary restraining order] must be denied if it merely seeks 'to obtain the affirmative relief sought in the [p]etition on an expedited basis, rather than preserve the status quo'

until a subsequent adjudication on the merits of a habeas petition." *Vazquez-Rangel v. Horton*, No. 1:26-cv-302, 2026 WL 1123470, at *3 (N.D. Ala. Mar. 12, 2026) (quoting *Malave v. Noem*, No. 3:26-cv-253, 2026 WL 352908, at *1 (M.D. Fla. Feb. 9, 2026))). In the Motion, Petitioner moves "for a temporary restraining order and preliminary injunction that (1) bars Respondents from transferring him outside the Southern District of Florida while his habeas petition is pending, (2) orders his release or, in the alternative, requires Respondents to provide him, within seven days, an individualized custody redetermination hearing under 8 U.S.C. § 1226(a) at which the Government bears the burden of justifying his continued detention, and to release him if they do not, and (3) requires Respondents, upon his release, to return his original documents and to give his counsel advance notice." *See* Mot. at 1. The relief sought in the Motion is the same as in the Petition, simply on an expedited basis. *See generally* Pet.; Mot. Therefore, the Motion is denied.

## III. CONCLUSION

Accordingly, UPON CONSIDERATION of the Petition and the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED as follows:

1. The Motion (ECF No. 5) is DENIED;
2. The Court finds that it has jurisdiction over the Petition pursuant to, *inter alia*, 28 U.S.C. § 2241, and that venue is proper pursuant to *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973) because Petitioner is detained in this District;
3. On or before **October 19, 2026**, Respondents shall file one (1) consolidated memorandum of fact and law to show cause why the Petition should not be granted and file all documents necessary for its resolution;

A. In the alternative, Respondents may advise the Court that they have or intend to provide Petitioner with the requested relief and shall notify the Court once such relief has been provided;

4. Counsel for Respondents must caption their memorandum as a "Response" rather than a Motion to Dismiss, and are cautioned that any requests for extension of time to respond will only be granted for good cause shown and must comply with 28 U.S.C. § 2243, Local Rule 7.1(a), and the Federal Rules of Civil Procedure;

5. Respondents are reminded that they must provide Petitioner full and complete copies of all documents filed in support of their Response pursuant to Fed. R. Civ. P. 10(c) and *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014);

6. Petitioner may, but is not required to, file a Reply within seven (7) days of Respondents' Response, not to exceed ten (10) pages and in compliance with the Federal Rules of Civil Procedure and the Local Rules, any untimely filing of which will not be excused absent unforeseen and unavoidable circumstances;

7. The Court will address Petitioner's other requested relief after having reviewed the Response and Reply.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of October, 2026.

K. M. Moore

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record